Case 4:21-cv-01910   Document 32   Filed on 09/28/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT PROSPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-21-1910 |
| § | |
| PREMIER SECURITY AGENCY, et. al, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION ON
MOTION TO QUASH SERVICE,
MOTION FOR ENTRY OF DEFAULT
JUDGMENT, AND
MOTIONS TO DISMISS**

The plaintiff, Robert Prosper, an African American man who uses a wheelchair, was waiting in line to use a shower kiosk in October 2020 at a Pilot Travel Center when, he alleges, the Pilot Travel manager and a Premier Security Agency guard harassed him. (Docket Entry No. 17 at ¶ 8–15). Prosper alleges that he was harassed because of his race and physical disability, and that he suffered emotional harm. (*Id.* at 1, 3). In June 2021, Prosper sued Pilot Travel and the agency it contracted with for onsite security, Premier Security, under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, and the Americans with Disabilities Act, 42 U.S.C. § 12101. (Docket Entry No. 1).[1] Prosper is representing himself.

In July 2021, Premier Security and Pilot Travel both moved to quash the service that Prosper attempted to effect in June 2021. (Docket Entry Nos. 6, 12). Around the same time, Prosper moved

---

[1] In the section of his amended complaint identifying his claims for relief, Prosper identifies only the Americans with Disabilities Act and Title II of the Civil Rights Act. Elsewhere in his complaint, he states that this action also arises under "42 U.S.C. § 1981a," which relates to the prohibition of discrimination in employment. The court does not construe Prosper's complaint as trying to state a claim for relief under 42 U.S.C. § 1981a.

1

for entry of default judgment against Pilot Travel because, he claimed, it had not answered Prosper's complaint within 21 days of being served in June 2021. (Docket Entry No. 13). Because service was not effected until late July 2021, Prosper's motion for entry of default is denied. (*Id.*). Premier Security's motion to quash service and Pilot Travel's motion to dismiss or quash service are now moot. (Docket Entry Nos. 6, 12).

Premier Security and Pilot Travel both moved to dismiss Prosper's amended complaint for failure to state a claim.[2] (Docket Entry Nos. 20, 21). Prosper has responded. (Docket Entry No. 22). Pilot Travel and Premier Security (identifying itself as Premier Protective Services) both answered Prosper's amended complaint after or in conjunction with their motions to dismiss. (Docket Entry Nos. 21, 26).

"The district court is to construe liberally the briefs of *pro se* litigants and apply less stringent standards to them than to parties represented by counsel." *Kiper v. BAC Home Loans Serv., LP*, 884 F. Supp. 2d 561, 567 (S.D. Tex. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But a "*pro se* plaintiff's complaint 'must set forth facts giving rise to a claim on which relief may be granted.'" *Simmons v. Methodist Hosps. of Dall.*, 106 F. Supp. 3d 799, 803 (N.D. Tex. 2015) (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam)).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on

---

[2] Prosper filed a first amended complaint after the court granted leave for him to do so in July 2021. (Docket Entry No. 17). The amended complaint made minor changes, such as changing the name of Premier Security from "Premier Security Agency" to "Premier Protective Security." (*Id.*). Prosper filed another amended complaint, but there is no apparent material difference between this complaint, (Docket Entry No. 18), and the complaint he previously filed, (Docket Entry No. 17).

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Premier Security argues that Prosper's amended complaint fails to state a claim under the Americans with Disabilities Act because Premier Security does not "own, operate, or lease" the Pilot Travel facility.  Both Premier Security and Pilot Travel argue that Prosper's Americans with Disabilities Act and Title II claims fail because he seeks compensatory and punitive damages rather than the injunctive relief that the statute authorizes.

Under the Americans with Disabilities Act, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Prosper alleges in his amended complaint that "Premier Protective Security, Inc. is an agency contracted by Pilot Travel Center to perform Security duties for the Pilot Travel Center." (Docket Entry No. 17 at ¶ 6).  Construing all inferences in Prosper's favor, his amended complaint does not support an inference that Premier Security "owns, leases (or leases to), or operates a place of public accommodation." Prosper has failed to state a claim against Premier Security under Title III of the Americans with Disabilities Act.  Because amendment would be futile, the dismissal of this claim is with prejudice.

Additionally, Title III of the Americans with Disabilities Act and Title II of the Civil Rights

Act permit claims for injunctive relief but do not permit claims for compensatory or punitive damages. *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 Fed. Appx. 180, 183 (5th Cir. Aug. 28, 2015); *Frame v. City of Arlington*, 616 F.3d 476, 488–89 & n.17 (5th Cir. 2010), *vacated on other grounds*, 657 F.3d 215 (5th Cir. 2011) (en banc) ("Remedies available under Title III of the [Americans with Disabilities Act] are the same as those under Title II of the Civil Rights Acts of 1964, 42 U.S.C. § 2000, for which there is only injunctive relief." (citing 42 U.S.C. § 12188(a); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968))).

In his amended complaint, Prosper requests the following relief: (1) "a judgment in favor of Plaintiff against Defendants in the amount of $7 million"; (2) "compensatory and punitive damages against Defendants"; and (3) "such other and further relief as may be just and proper." (Docket Entry No. 17 at 3). Prosper seeks money damages, which are not available under Title III of the Americans with Disabilities Act or Title II of the Civil Rights Act. In addition to failing to state a claim against Premier Security under Title III of the Americans with Disabilities Act because that company does not own, lease, or operate a place of public accommodation, Prosper has also failed to state a claim against Premier Security and Pilot Travel under Title III of the Americans with Disabilities Act and Title II of the Civil Rights Act because he seeks unavailable relief. Because amendment would not be futile, dismissal of these claims is granted without prejudice, and with leave to amend.

In sum, Premier Security's motion to quash initial service, (Docket Entry No. 6), and Pilot Travel's motion to dismiss or quash service, (Docket Entry No. 12), are moot. Prosper's motion for entry of default judgment is denied. (Docket Entry No. 13). Premier Security's motion to dismiss for failure to state a claim, (Docket Entry No. 20), is granted with prejudice as to the claim under Title III of the Americans with Disabilities Act and granted without prejudice as to the claim under Title II of the Civil Rights Act. Pilot Travel's motion to dismiss for failure to state a claim, (Docket Entry No.

21), is granted without prejudice.  Prosper must file any amended complaint no later than **November 5, 2021**.

SIGNED on September 28, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge