United States District Court
Southern District of Texas

**ENTERED**

April 12, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PROSPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1910 |
| | § | |
| | § | |
| PREMIER PROTECTIVE SECURITY INC., | § | |
| and PILOT TRAVEL CENTERS, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Robert Prosper sued Pilot Travel Center and Premier Protective Security in June 2021 after he

was allegedly harassed by a Premier Security Agency guard when he was waiting in line to use a shower

kiosk at Pilot Travel.  (Docket Entry No. 1).  The court dismissed his claims under Title III of the

Americans with Disabilities Act and Title II of the Civil Rights Act, in part because he sought money

damages, which is not an available form of relief.  (Docket Entry No. 32).  The court granted leave to

amend.  (*Id.*).  Prosper amended, dropping all previous federal causes of action, and alleging damages

only for state-law causes of action, including negligence, premises liability, and negligent infliction of

emotional distress.  (Docket Entry No. 36).

Premier Protective Services moved to dismiss for lack of subject-matter jurisdiction and for

failure to state a claim under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

(Docket Entry No. 37).  Pilot Travel also answered and moved to dismiss for failure to state a claim.

(Docket Entry No. 38).  Prosper did not respond to the motions to dismiss, but instead moved to amend

his complaint to add state-law claims for negligence, premises liability, and "negligent security or

inadequate security." (Docket Entry No. 39). Premier and Pilot opposed the motion for leave to amend. (Docket Entry Nos. 40, 41).

The court requested information from the parties to ascertain its subject-matter jurisdiction over this action. (Docket Entry No. 42). Prosper's amended complaint, (Docket Entry No. 36), asserts only state-law claims.[1] A federal court has subject-matter jurisdiction if "there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citing 28 U.S.C. § 1332). Prosper is a citizen of Texas. (Docket Entry No. 36 at ¶ 4). Pilot is a citizen of Nebraska, Tennessee, Illinois, and Utah, but Premier is a citizen of Tennessee and Texas. (Docket Entry Nos. 43, 44). There is not complete diversity. The court does not have subject-matter jurisdiction. *See* 13D WRIGHT & MILLER, FED. PRAC. & PROC. JURIS. § 3567.3 (3d ed.) ("The situation in which a court dismisses all claims over which it had an independent basis of federal subject matter jurisdiction and then faces the question whether to retain state-law claims under § 3567(c)(3) must be distinguished from one in which the complaint is formally amended to delete the jurisdiction-conferring claim. In that instance, the amended complaint supersedes the original complaint, and the case should be treated as though the plaintiff has

---

[1] Although Prosper's amended complaint states that it "arises in part under the Americans with Disability Act," the court construes his complaint as stating only state-law claims because: (1) Prosper clearly identifies his three causes of action at the top of his amended complaint, and they are all state law claims; (2) Prosper does not assert an Americans with Disabilities Act claim for relief, or refer to the statute in his claim for relief, as he has done previously, (*see* Docket Entry No. 18); and (3) Prosper alleges injuries that are not compensable through injunctive relief, which is all that is available through the Americans with Disabilities Act. (*See* Docket Entry No. 36 at ¶ 16 ("As a direct or approximate result of the actions by Defendants, Plaintiff suffered the following injuries and damages . . . Negligent infliction of emotional distress from the acts committed by Defendants.")). Even if Prosper had intended to assert a claim under the Americans with Disabilities Act in addition to the state law claims, the court already dismissed his claim under Title III of the Americans with Disabilities Act with prejudice as to Premier, and he has not addressed any of the arguments raised by Premier and Prosper as to why his claims should be dismissed for failure to state a claim. Instead of responding, Prosper seeks to file an amended complaint, which reiterates only state-law claims, seeks money damages, and drops any reference to the Americans with Disabilities Act. (Docket Entry No. 39).

pleaded no basis of federal jurisdiction.").

Premier's motion to dismiss for lack of subject-matter jurisdiction, (Docket Entry No. 37), is granted.  Pilot's motion to dismiss, which is filed as an answer, and should be properly filed as a motion in future federal court practice, (Docket Entry No. 38), is moot.  Prosper's motion to file an amended complaint, (Docket Entry No. 39), is denied, because the proposed amended complaint continues to assert only state-law claims over which the court lacks jurisdiction.

Prosper's claims are dismissed without prejudice.

SIGNED on April 11, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge